IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALBERTSON'S, INC., | Case No. CV-03-550-S-BLW |
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| CAMILLA R. PAOLINI, | |
| Defendant. | |

## INTRODUCTION

The Court has before it defendant Paolini's motion to compel and for sanctions. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant in part and deny in part the motion.

## ANALYSIS

Albertson's filed this suit in December of 2003 to collect payment from defendant Camilla Paolini on an original promissory note and the three modification agreements. Each evidences a separate loan. Camilla Paolini's husband – Bruce Paolini – was an employee of Albertson's at the time, and both of them signed the loan documents.

Camilla Paolini filed a motion to dismiss all the claims. The Court found that the Second and Third Modification Agreements clearly bound only her

**Memorandum Decision and Order – Page 1**

husband but not her, and accordingly dismissed those claims from the complaint. As to the original promissory note and the First Modification Agreement, the Court found terms that might mean that both Camilla Paolini and her husband agreed to pay both that original sum and the additional loan extended in the First Modification Agreement.  That Agreement defined the term "Grantor" to include Paolini and her husband, and then states that the "Grantor" (1) "promised to pay . . . the sums described in [the original promissory note of $150,000] and (2) "promises to pay . . . such additional sum [of $196,000]."

The Court therefore denied Paolini's motion to dismiss the claims brought under the original promissory note and the First Modification Agreement.  In October of 2004, Paolini filed this motion, seeking to discover (1) the identities of the drafter of the loan documents and any Albertson's attorneys advising the drafter, (2) individuals who approved each loan Albertson's made to Paolini's husband; (3) individuals that received loans from Albertson's from 1998 to 2002, the terms of those loans, the actions taken by Albertson's against those who defaulted, and (4) the Albertson's employees who had communications with Paolini regarding the loans Albertson's made to her husband.  Paolini also seeks sanctions for Albertson's refusal to answer her interrogatories seeking this information.

**Memorandum Decision and Order – Page 2**

Meanwhile, Albertson's sought to stay this case pending resolution of similar issues in another case. That was a wrongful discharge case brought by Bruce Paolini against Albertson's. *See Paolini v. Albertson's* Civ. No. 02-41-S-BLW. In that case, Albertson's had brought a counterclaim seeking to collect on the same loans at issue here. The Court granted summary judgment for Albertson's on all issues, and Bruce Paolini appealed.

Because the appeal raised issues regarding the same loans at issue here, the Court stayed this case to await the outcome of the appeal of Bruce Paolini's case. The Ninth Circuit affirmed this Court's ruling that Bruce Paolini was not wrongfully discharged and owed Albertson's for the loans it extended him under the documents discussed above. On November 8, 2007, this Court lifted the stay, and authorized Paolini to renew her earlier-filed motion to compel and for sanctions, which is now before the Court to be resolved.[1]

With regard to the identities of the drafters and attorneys who worked on the loan documents, Albertson's has answered that it cannot determine who those individuals were. That answer ends the inquiry, and the motion to compel will be denied as those matters.

---

[1] While Paolini had filed two motions to compel, the Court's Order only authorized the renewal of the First Motion (Docket No. 30).

**Memorandum Decision and Order – Page 3**

The Court turns next to Paolini's request for the identities of those individuals who received loans from Albertson's, the terms of the loans, and the action Albertson's took on default. Paolini argues that this information could show how Albertson's handled similar cases, which would bear on the interpretation of any ambiguous language. The Court agrees, to the extent the loans are similar to that extended here. A pattern or practice of pursuing – or not pursuing – non-employee spouses on loans in default may be relevant. For example, if Albertson's routinely did not pursue collection against non-employee spouses during those years, that might have some bearing on the interpretation of any ambiguity in language alleged to bind Camilla Paolini – the non-employee spouse – in this case.

The Court cannot, however, discern any relevance to the identities of those obtaining loans. Paolini will have to make a more specific showing as to the relevance of the identities of those obtaining loans. Thus, the Court will not grant the motion to the extent it seeks identities at this time.

The Court will grant the motion to the extent it seeks, as to all loans made between 1998 and 2002 to an employee spouse where both spouses signed the loan documents, and which went into default, (1) the central terms of such loans (original amount, interest rate, and amount in default), and (2) a brief summary of the collection efforts, if any, Albertson's pursued against the non-employee spouse

**Memorandum Decision and Order – Page 4**

to collect the debt.

The Court turns next to Paolini's request to identify each person who approved each loan Albertson's made to Bruce Paolini. The Court assumes "each loan" refers to the loans at issue here, co-signed by Camilla Paolini. Albertson's answered saying the information was irrelevant. The Court disagrees. Given that extrinsic evidence of intent might be relevant, the identities of those approving the loan could shed light on the intent behind the language. The Court will therefore grant this request.

The Court turns next to Paolini's request to identify each Albertson's employee or agent who had contact with her regarding these loans. This is discoverable and shall be ordered.

## Sanctions

The Court finds no reason to issue sanctions against Albertson's. The parties have proceeded in good faith on these issues.

## Litigation Plan

The parties have submitted competing Litigation Plans, assuming either that the motion to compel would be granted in full or denied. Because the Court has granted it in part, the Court is going to split the difference between the two plans. The Court will issue a separate Scheduling Order that sets forth the deadlines that

**Memorandum Decision and Order – Page 5**

will govern this case.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to compel and for sanctions (Docket No. 30) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks, as to all loans made between 1998 and 2002 to an employee spouse where both spouses signed the loan documents, and which went into default, (1) the central terms of such loans (original amount, interest rate, and amount in default), and (2) a brief summary of the collection efforts, if any, Albertson's pursued against the non-employee spouse to collect the debt. It is also granted to the extent it seeks (1) the identities of those approving the loans to Bruce Paolini on which Camilla Paolini co-signed, and (2) the identities of each Albertson's employee or agent who had contact with Camilla Paolini regarding these loans. It is denied in all other respects.

IT IS FURTHER ORDERED, that a separate Scheduling Order shall issue.



DATED: **December 20, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 7**